FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
15 APR -7 PM 1:59
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | 8:14CR155 |
| JUAN GERARDO DELGADO, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Matthew R. Molsen, Assistant United States Attorney, and defendant, Juan Gerardo Delgado, and Stuart J. Dornan, counsel for defendant, as follows:

# I
# THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Counts I and VII of the Third Superseding Indictment. Count I charges a violation of Title 21, United States Code, Section 846. Count VII charges a violation of Title 18, United States Code, Section 1956(h). Defendant further admits the forfeiture allegations as set forth in the Third Superseding Indictment, with the exception of part (e), which refers to a money judgment.

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss Count V at the time of sentencing, as well as part (e) of the forfeiture allegation.

2. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for any drug trafficking crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

1

## II
## **NATURE OF THE OFFENSE**

A. <u>ELEMENTS EXPLAINED</u>.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

Count I: Conspiracy to Distribute Methamphetamine

1. Two or more persons reached an agreement or came to an understanding to distribute; and

2. Defendants knew that it was methamphetamine or some other prohibited drug; and

3. Defendants voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

4. At the time the defendants joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

Count VII: Conspiracy to Commit Money Laundering

1. Two or more people agreed

2. To commit an offense against the United States, namely laundering of monetary instruments, to wit:

   a. knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1.  Beginning at least as earlier as January of 2014, and continuing to May 21, 2014, Doroteo Ponce would coordinate the shipments of large amounts of methamphetamine to be delivered from his supplier in the Republic of Mexico to the Omaha, Nebraska area on a routine basis. Ponce would then direct the defendant to sell some of that methamphetamine to other people, several of whom were repeat customers. Often times the amount of methamphetamine the defendant would sell to a customer was a pound or more. Because of the quantities of methamphetamine being sold, and the nature of the transactions, the defendant knew that the people who were purchasing the methamphetamine from the Defendant were reselling it to other people. Through repeated transactions, the defendant, Ponce, and others formed an agreement or understanding that Ponce would acquire methamphetamine to sell to his customers with the defendant's assistance, and his customers would repay Ponce for that methamphetamine after they resold it to others. The total amount of methamphetamine distributed by the Defendant exceeded 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Many of these drug transactions took place in the District of Nebraska.

2.  In addition to selling methamphetamine at Ponce's direction during the above stated period of time, the Defendant would also collect the proceeds of those methamphetamine sales from the customers for Ponce. At times, the Defendant would deposit the proceeds from those sales into various Wells Fargo bank accounts in the District of Nebraska. Delgado would receive the name and account number into which the money was to be deposited. Most of the time, the names on the accounts were not Ponce's or Ponce's suppliers. The purpose of these transactions was to funnel money to Ponce's suppliers to pay Ponce's suppliers for the methamphetamine. The proceeds of the methamphetamine sales were deposited, at times, into accounts which were held in the names of people other than Ponce, or Ponce's suppliers, so as to conceal the nature, source, location, ownership, or control of the proceeds of the drug sales.

### III

### PENALTIES

A.  COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.  A maximum of life in prison; and a mandatory minimum of 10 years;
2.  A maximum $10,000,000 fine;
3.  A mandatory special assessment of $100 per count; and

3

    4.    A term of supervised release of at least 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5.    Possible ineligibility for certain Federal benefits.

B. COUNT VII.

    1.    A maximum of 20 years in prison;

    2.    A maximum $500,000 fine, or twice the value of the property involved in the transaction, whichever is greater;

    3.    A mandatory special assessment of $100 per count; and

    4.    A term of supervised release of 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.    Possible ineligibility for certain Federal benefits.

## IV

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

### PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

    1. The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 30,000 kilograms, but not more than 90,000 kilograms of an

4

equivalent amount of marijuana.

2. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

3. The parties agree that the defendant does not meet the criteria for a "safety valve" reduction, pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may not request, suggest, recommend, or advocate in any way for additional downward adjustments, variance, departures, and sentence reductions under 18 U.S.C. § 3553(a), except that the defendant may request a criminal history departure under

5

U.S.S.G. § 4A1.3, and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.  RECOMMENDATION REGARDING CUSTODY.

The parties will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

   (a) As provided in Section I above, (if this is a conditional guilty plea); and

   (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

   (a)  The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b)  The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.  Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.  Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A.  This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.  By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act.  The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C.  The United States may use against the defendant any disclosure(s) the defendant has

made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

4/7/15
Date

*[signature]*

MATTHEW R. MOLSEN
ASSISTANT U.S. ATTORNEY

4-1-15
Date

*[signature]*

JUAN GERARDO DELGADO
DEFENDANT

4-1-15
Date

*[signature]*

STUART J. DORNAN
COUNSEL FOR DEFENDANT

9